**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

STEVEN MILLER                                                                                    PLAINTIFF

v.                                              4:14CV00585-JLH-JJV

FLOYD VILLINES, *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Plaintiff, Steven Miller, filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights.  After careful review of Plaintiff's Amended Complaint (Doc. No. 4), the Court concludes that this action should be dismissed for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."   *Id.*

## III.   ANALYSIS

Plaintiff alleges that on January 13, 2014, he suffered whiplash injuries when Deputies Garringer and Price misjudged the bus clearance while transporting him from circuit court to the jail (Doc. No. 4 at 6).   They allowed the prison bay doors to close on the sides of the transport bus, resulting in a "tremendous impact" (*Id*.).   He alleges that, in addition to whiplash, he suffered a torn rotator cup [sic] (*Id*.).

Following this incident, Plaintiff saw Dr. Johnson in the prison infirmary (*Id*. at 8).   Dr. Johnson ordered x-rays and blood work and then prescribed him pain killers and muscle relaxants. (*Id*.).   Plaintiff states, however, that Dr. Johnson never physically examined him before declaring he had no broken bones. (*Id.*). Dissatisfied, Plaintiff asked to see an outside physician (*Id.*) and he states Dr. Johnson agreed to this request. (*Id*.).

Despite Dr. Johnson's agreement in May 2014, Plaintiff alleges that by July 2014 he still had not seen an outside physician about his condition. (*Id*.). He claims that this was because Nurse Lowe had failed to notice Defendant Johnson's order referring him to an outside physician. (*Id*.).

After review of the allegations and, for the reasons stated below, the Court finds that Plaintiff has failed to state a claim as to any defendant and recommends this action be dismissed.

### A.      Deputies Garringer and Price

As noted above, Plaintiff alleges Deputies Garringer and Price were responsible for the transportation incident which caused his injury. But he does not allege they acted purposefully, or

with deliberate indifference, to cause him harm, but rather states they exhibited negligence in the discharge of their duties. (Doc. No. 4 at 7).  Mere negligence, however, is insufficient to establish culpability under section 1983.  *See Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc). Accordingly, the Court finds that Plaintiff fails to state a claim against these Defendants.

### B.      Defendants Doc Holladay and Shawn Smith

Plaintiff alleges that Sheriff Holladay was responsible for the performance of his deputies and, therefore, also responsible for damages resulting from their negligence (Doc. No. 4 at 7). He also alleges that Major Smith is the deputies' superior, and is similarly responsible. (*Id*.). Plaintiff has not alleged that Holladay or Smith had any personal involvement with the incident or the alleged inadequate treatment which followed.  Rather, his claims against them are premised on the theory of *respondeat superior* insofar as he seeks to hold both supervisors liable for the alleged actions of their employees.  *Respondeat superior* liability is not available under section 1983, however. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  As such, the Court recommends that Plaintiff's claims against Sheriff Holladay and Major Smith be dismissed.

### C.      Defendant Randy Morgan

Plaintiff claims that Chief Deputy Morgan was responsible for reviewing his grievances concerning the incident (Doc. No. 4 at 7), but Morgan never acknowledged his injury and failed to thoroughly investigate his complaint (*Id*.). The denials of grievances, however, does not state a substantive constitutional claim.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Similarly, the alleged failure to investigate Plaintiff's grievances also fails to state a constitutional or statutory claim against Morgan. As such, Defendant Morgan should be dismissed from this action.

### D.      Dr. Johnson

Plaintiff alleges that Dr. Johnson, a physician at the prison infirmary, exhibited deliberate

indifference toward his serious medical needs (Doc. No. 4 at 8).  The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").  "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, Plaintiff himself states Dr. Johnson ordered x-rays and blood work. (Doc. 4 at 8). He also states that he was prescribed pain relievers and muscle relaxants (*Id.*). Plaintiff takes issue with Dr. Johnson's alleged failure to physically examine him, but this amounts to nothing more than a disagreement with a treatment decision. Moreover, Plaintiff does not allege, as he must, that he suffered any injury from Dr. Johnson's failure to perform a physical examination. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) ("An inmate must prove that officials knew about excessive risks to his health but disregarded them, and that their unconstitutional actions in fact caused his injuries.") (citations omitted).

Plaintiff also alleges that Dr. Johnson treated him "unprofessionally" by playing on his cell phone during the infirmary visits and, upon occasion, yelling at him for unspecified reasons. (Doc.

No. 4 at 8). These claims do not implicate deliberate indifference or any other constitutional or statutory violation.  It may be that Dr. Johnson treated Plaintiff with less respect than another physician would have given him. But such claims are not actionable under section 1983.

Finally, Plaintiff alleges that Dr. Johnson agreed to refer him to an outside physician (Doc. No. 4 at 8), but this referral was not timely completed due to a nurse's oversight. (*Id*.).  At worst, Dr. Johnson may have been negligent in failing to follow up on his referral. As noted above, however, deliberate indifference requires more than negligence.

Based on the foregoing, the Court finds that Plaintiff's claims against Dr. Johnson should be dismissed.

### E.     Nurse Lowe

Plaintiff alleges that Nurse Lowe mistakenly overlooked Dr. Johnson's order referring him to an outside physician (*Id*.). This claim sounds in negligence and, as such, should be dismissed.

### F.     Defendant Speer

Plaintiff alleges that Ms. Speer, the infirmary supervisor, is liable for the alleged deliberate indifference of her subordinates. (Doc. No. 4 at 8.). He does not allege that Ms. Speer was personally involved in his treatment or personally engaged in any other constitutional misconduct. As noted above, *respondeat superior* is not an actionable theory under section 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  The Court therefore recommends that Ms. Speer be dismissed.

### G.     Floyd Villines

Plaintiff's initial Complaint named Pulaski County Circuit Judge Floyd Villines as a Defendant to this action (Doc. No. 2).  But Plaintiff does not name Judge Villines in his Amended Complaint (Doc. No. 4).  Plaintiff was cautioned that only claims set out in his Amended Complaint would be allowed to proceed (Doc. No. 3 at 4). Absent any claims against Judge Villines in the

Amended Complaint, the Court finds that he should be dismissed as a party to this action.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1];

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 29th day of October, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."